UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------X
Curtis Reed,

                Plaintiff,

          -against-

Takhar Collection Services Ltd,

                Defendant.
------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

      Now comes Plaintiff Curtis Reed (hereinafter referred to as "Plaintiff"), by and through

his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to

recover monetary damages, and declaratory and injunctive relief, against Defendant Takhar

Collection Services Ltd (hereinafter referred to as "Defendant"), arising from Defendant's

violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices

Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false,

deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and

alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on

behalf of another.  The United States Congress has found abundant evidence of the use of

abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined

that abusive debt collection practices contribute to a number of personal bankruptcies, marital

instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to

eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors

who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.  The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer".  Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.  If applicable, this Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and (2).

## PARTIES

3.     Plaintiff is a natural person and a resident of Franklin County, residing at 1400 Aberdden Avenue, Columbus, Ohio 43211.

4.     At all relevant times herein, Plaintiff is a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA

5.     Upon information and belief, Defendant is engaged in the business of collecting debts incurred and alleged debts incurred, and is a collection firm with a principal place of business located at 1623 Military Road, Suite 537, Niagara Falls, New York 14304.

6.     Upon further information and belief, Defendant is a domestic business corporation, and authorized to conduct business in the State of New York, with its registered agent, the New York

Secretary of State, located in the County of Albany, at the New York Department of State, One Commerce Plaza, 99 Washington Ave., Albany, New York 12231.

7.      Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a debt collector as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

8.      Upon information and belief, and at all relevant times herein, on a website maintained by Defendant at the URL address of www.takhargroup.com, Defendant informs visitors to the site, Takhar Collection Services Limited is registered collection agency across North America and is fully compliant with FDPCA rules in the United States and the Collection Agencies Act of Canada."

9.      Upon information and belief, Defendant holds itself out as an entity engaged in the business of being a debt collector and is subject to the FDCPA.

10.     Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

11.     Defendant engaged in various "communications" with Plaintiff as that term is defined in 15 U.S.C. §1692a(2).

12.     Upon information and belief, Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

13.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14.     Upon information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff (referred to hereinafter as "Alleged Debt").

15.     On or about November 7, 2012, Defendant called Plaintiff's telephone, in an attempt to communicate with Plaintiff regarding the Alleged Debt.

16.     Defendant elected to leave Plaintiff a voicemail message.

17.     The November 7, 2012 voicemail message was Defendant's initial communication with Plaintiff.

18.     Said message stated:

> Hi, good morning, message is for Mr. Curtis Reed. It is Matthew Jackson from the Takhar Group. Getting back to you Mr. Reed, I'll just, ah, found a couple here that may or may not be yourself. Try me additionally its 1-888-246-3871. My extension is 601.

19.     In said initial communication message, Defendant failed to state that it was a debt collector.

20.     In said initial communication message, Defendant also failed to state that Defendant was attempting to collect a debt and that it was a debt collector.

21.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

22.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23.     Defendant violated 15 U.S.C. §1692e(11) which mandates that a debt collector must provide a consumer with a disclosure, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

24.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

25.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff Curtis Reed demands judgment against the Defendant Takhar Collection Services Ltd as follows.

A.     For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

B.     For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C.     For a declaration that the Defendant's practices violated the FDCPA; and

D.     For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
       August 22, 2013

Respectfully submitted,


By:   s/Fredrick Schulman
    Fredrick Schulman, Esq.
    Fredrick Schulman & Associates
   Attorney for Plaintiff
   30 East 29TH Street
   New York, New York 10016
   (212) 796-6053
    info@fschulmanlaw.com